UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| B P  PRODUCTS NORTH AMERICA, INC. | ) ) ) | |
| v. | ) ) | NO. 2:03-CV-231 |
| UNITED OIL MARKETERS, INC., *ET AL.* | ) ) ) | |

**O R D E R**

The plaintiff's complaint is before the Court on the motions to dismiss filed by the defendants, J. Chris Cloyd and Walter Tyler. [Docs. 56 and 57].

Plaintiff, B P Products North America, Inc. ("B P"), filed this collection case against United Oil Marketers, Inc. ("United") and two of its officers, J. Chris Cloyd and Walter Tyler, alleging that B P sold United fuel for which it has not been reimbursed. The plaintiff's sole theory of liability against Mr. Cloyd and Mr. Tyler is based upon the fact that the corporation was administratively dissolved prior to B P's sale of products to the defendant

corporation. In particular, the plaintiff relies upon the provisions of *Tenn. Code Ann.* § 48-24-202(c), which provides in pertinent part:

> A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 48-24-105 and notify claimants under §§ 48-24-106 and 40-24-107.

While it cannot cite to any authority under Tennessee law imposing liability upon officers for business carried on after the administrative dissolution of the company, plaintiff asserts that, because the corporation was not authorized to carry on any business other than that necessary to wind-up and liquidate the company's business, personal liability may be imposed upon the corporate officers.

It is undisputed that United Oil was administratively dissolved due to the failure to file an annual report that was due on October of 2000. It is further undisputed that any products purchased by the defendant corporation from the plaintiff were not necessary for winding-up and liquidating the corporation's business.

While certainly not controlling, persuasive is the case of *Fulton Paper*

*Company, Inc. v. Reeves*, 441 S. E. 2d 881 (GA Ct. App. 1994), in which the Georgia Court of Appeals dealt with an identical situation involving the Georgia corporate administrative dissolution statute, which is nearly identical to the Tennessee corporate dissolution statute.[1]

Interpreting the Georgia statute for the first time, the Georgia Court of Appeals held that:

> A plain reading of this Code section reveals that even after "dissolution" [the corporation] continued to exist as a corporate entity and that it was likewise authorized to carry on business, albeit for very limited purposes. This is true regardless of whether [the corporation] was ultimately reinstated under OCGA § 14-2-1422. Personal liability therefore may not be based on the traditional theory that [the corporate officer] was acting for a nonexistent principal.
>
> * * *
>
> [Plaintiff] cannot maintain an action against [the corporate officer] personally for the debt on the May Fresh account based solely on the grounds that the acts of May Fresh in question were ultra vires. See generally

---

[1] *Compare* GA. Code Ann. § 14-2-1421(c) "a corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under code § 14-2-1405 . . ." *with* Tenn. Code Ann. § 48-24-202(c) "a corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 48-24-105 . . ."

OCGA § 14-2-304. [2]

*Id.* at 884-85

The Court is of the opinion that the *Fulton Paper* case is on all fours with the appropriate outcome under Tennessee law, particularly in light of the fact that were the corporate charter reinstated, the charter would validate the defendant corporation's existence and privileges back to the date of revocation. *Code Ann.* § 67-4-917; *Loveday v. Cate*, 854 S.W. 2d 877, 880 (Tenn. Ct. App. 1992) ("The statute does not stand for the proposition that once a corporation's charter is revoked that corporation no longer exists and therefore any acts by the "corporation" are invalid.").

Notably, though not specifically pled in it's complaint, the plaintiff is effectively seeking to pierce the corporate veil of United. A strong presumption exists that the corporation is a distinct entity from its directors, and the plaintiff bears the burden of demonstrating facts sufficient to pierce the veil. *Schlater v. Haynie,* 833 S.W.2d 919, 925 (Tenn.Ct.App. 1991). Tennessee cases clearly set

---

[2] *Compare* GA. Code Ann. § 14-2-304(a) "except as provided in subsection (b) of this Code Section, the validity of corporate action may not be challenged on the grounds that the corporation lacks or lacked power to act" *with* Tenn. Code Ann. § 48-13-104(a) "except as provided in subsection (b), the validity of corporate action may not be challenged on the grounds that the corporate lacks or lacked power to act."

forth several factors to consider in determining whether to pierce the corporate veil, none of which have been alleged by the plaintiff. *See Amanda Const., Inc. v. White,* 2004 WL 2752805 (Tenn.Ct.App. 2004)(Affirming the District Court's denial of a motion to substitute the officers, directors and shareholders of a corporation administratively dissolved during litigation). A corporate veil must be pierced only for compelling reasons, such as "where the corporation is created or used for an improper purpose, or where the corporate form has been abused." *Schlater* at 925. This Court will not permit the plaintiff to use the "back door" to pierce a corporate veil it
would otherwise not be able to penetrate.

      The defendants have requested that the Court, should it be inclined to deny their motion, certify the question to the Tennessee Supreme Court. Rule 23 of the Rules of the Tennessee Supreme Court provides that a District Court may certify questions to it for which it appears "there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Use of the certification process "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct.1741, 1744 (1974). Here certification is not appropriate given the statutory authority providing that corporate existence continues after administrative dissolution, and the wealth of Tennessee case law on the issue of

piercing the corporate veil.

Accordingly, for the forgoing reasons, the motions to dismiss the individual defendants, J. Chris Cloyd and Walter Tyler, are **GRANTED**. [Docs. 56 and 57].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE